ABIGAIL BARRS ET AL., APPELLANTS, VS. CHARLES BRACE, APPELLEE.

1. The absence of a similiter to a plea tendering an issue will not cause a reversal of a judgment when the parties go to trial without raising any objection on account of such absence.

2. Every presumption is in favor of a possession in subordination to the title of the true owner, and an adverse possession as against such owner must be taken strictly and established by clear and positive proof. The possession necessary to confer title by an adverse holding must be actual, continuous and adverse to the legal title for the full statutory period.

3. The questions controlling the disposition of this case are of fact arising on the evidence, and giving to the finding of the referee on the evidence the same effect as is accorded to the verdict of a jury, the judgment must be affirmed

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion.

*J. M. Barrs* and *H. B. Phillips*, for Appellants.

*J. W. Arehibald*, for Appellee.

MABRY, C. J.:

Appellee brought an action of ejectment against appellants to recover possession of a parcel of land described as commencing at a point on the northern line of Bay street, in the city of Jacksonville, where the western line of lot two (2) in Block 97, of Hart's map of said city, intersects said line of Bay street, and running north along the western line of said lot 2, 105 feet to the northern line of the same, thence east along the northern line of said lot six and 9–10 feet, thence south in a direction parallel with the western line of said lot

105 feet to the northern line of Bay street, thence along said line of Bay street six and 9–10 feet to the place of beginning, being a strip off the west side of lot 2, Block 97. The plea was that as to so much of the land described as lies east of a fence then standing on or near the dividing line between lots one (1) and two (2), Block 97, old numbers, or Block 43 new numbers, according to the official map of the city of Jacksonville, defendants were not then, or at the commencement of the suit, in possession, and as to the part lying west of said fence they were not guilty. The case was referred to a referee who heard the evidence and rendered judgment for plaintiff. The appeal from this judgment was entered before the Revised Statutes went into effect.

The questions presented and argued on this appeal are solely of fact arising on the evidence, and after a careful examination, keeping in mind the weight that must be given to the finding of a referee on the testimony, we think the judgment must be affirmed.

A demurrer to the declaration was overruled, and this ruling is assigned as error, but it is not argued and demands no consideration.

It is suggested in the brief of counsel for appellants that no issue was joined on the plea in the trial court. The record does not show that issue was joined on the plea, but no objection, on this account, was made in the lower court. The absence of a similiter to a plea, or subsequent pleading, tendering an issue, will not cause a reversal of a judgment when the parties voluntarily go to trial on the pleadings, without raising any objection on account of such absence. Frank Herman & Co. vs. Williams, 36 Fla. 137, 18 South. Rep. 351. The plea in the present case tendered an issue of fact,

and nothing but a joinder of issue was necessary, and a failure to make the joinder before trial is no ground for a reversal of the judgment.

Block 97 contains three lots, numbered one, two and three, and is bounded on the west by Bridge street, on the east by Clay street, and on the south by Bay street. Appellee derived title to lot 2 of this block through mesne conveyances from I. D. Hart; and Mrs. Barrs, one of the appellants, by like conveyances, obtained title to lot 1 of said block from the same source. The other appellant is her tenant and owns no title. It is admitted that Hart acquired title from the government and platted the land. There is no dispute as to the respective titles of the parties to the lots mentioned, but the controversy is over the correct boundary line between lots one and two, owned by the respective parties, and as to an adverse holding on the part of appellants. The deeds to the lots call for 105 feet square, but while Block 97 appears to be at right an-gles with Clay street, it is not so with Bridge street, and the boundary line of said block south on Bay street is oblique. The distance on this oblique line between Clay and Bridge streets is such as to give each of the three lots in Block 97 a frontage on Bay street of 108.3 feet. The proper survey and location of all the lots in Block 97, according to Hart's map, as shown by the testimony of three surveyors, place the strip of land in question in lot 2, owned by appellee, and the finding of the referee that such was the case can not be disturbed, as the settled rule of this court is that the same effect must be given to the finding of a referee on the testimony as to the verdict of a jury. Mc-Clenny vs. Hubbard, 20 Fla. 541; Broward vs. Roche, 21 Fla. 465; Jacksonville, Tampa & Key West Ry. Co.

vs. Adams, 27 Fla. 443, 9 South. Rep. 2. There is some conflict in the evidence as to the proper location of the dividing line between lots 1 and 2, but there is no such preponderance against the testimony of the surveyors mentioned as to authorize the inference that the referee reached his conclusion from considerations other than a due regard to the evidence.

The right to a judgment on account of an adverse holding of the portion of the lot in question by the appellants for the statutory period to bar an action, can not be sustained. It is said in Hart vs. Bostwick, 14 Fla. 162, that "the doctrine of adverse possession is to be taken strictly, and not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner. An entry adverse to the lawful owner is not to be presumed, but must be proved." The possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the full statutory period. Seymour vs. Creswell, 18 Fla. 29; Watrous vs. Morrison, 33 Fla. 261, 14 South. Rep. 805; Gould vs. Carr, 33 Fla. 523, 15 South. Rep. 259. When appellee bought lot 2 in 1876, there were no improvements on it or enclosure around it, at least the testimony offered by appellee tended to prove this fact, and the referee could have so found on the evidence. Soon after appellee's purchase Mrs. Barrs caused a fence to be erected around lot 1, owned by her, and this fence, without any doubt, enclosed the strip of land in question; but the uncontradicted evidence of appellee is that Mrs. Barrs recognized the fact that the fence was on his lot, and consented to move it when a survey was made and the correct line ascertained. Under the testimony it

can not be affirmed that Mrs. Barrs held the strip of land sued for adversely for the statutory period after appellee's purchase in 1876, and there was no bar of the statute prior to that time. After 1876 there was an understanding, according to the evidence, between the parties, respective owners of lots 1 and 2, that the fence erected about that time was temporary and to be removed to the correct line when ascertained. There can be no adverse holding under such an agreement so long as it lasted.

We have examined the evidence carefully, and find it sufficient, if true, to sustain the finding of the referee, and its credibility was a question solely for him.

The judgment will be affirmed.