A. B. ADAMS, *Plaintiff in Error,* v. R. D. FRYER AND J. M. SPENCE, *Defendants in Error.*

ADVERSE POSSESSION—SUBSTANTIAL ENCLOSURE.

1. Where a party claiming under a tax deed, that is admittedly void, bases his right to the land involved upon a four years' actual adverse possession thereof under the provisions of Section 591 of the General Statutes, and the only proof of such possession is that he stretched around the entire tract containing upwards of 2,500 acres one barbed wire nailed to trees and saplings and a few posts at a height of about four

feet from the ground and under this barbed wire two strands of small smooth telephone wire, and it was proved without contradiction that cattle of the neighborhood roamed through and over it at will, and that the land was wild and unimproved: *Held*, that this was not such a substantial enclosure, as gave to the party adverse possession under our statute; and that under the proofs an affirmative charge should have been given to the jury to find for the plaintiff.

2. Where a party claims title to land by adverse possession he should show clearly, definitely and with accuracy that he continuously maintained a legally recognized possession for the full statutory period necessary to bar the former owner.

This case was decided by Division B.

Writ of error to the Circuit Court for Liberty County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter* and *E. T. Davis,* for Plaintiff in Error;

*Reeves & Watson,* for Defendants in Error.

Taylor, J.—The plaintiff in error as plaintiff below brought his action of ejectment against the defendants in error in the circuit court of Liberty county for the recovery of sections one (1), two (2), eleven (11) and twelve (12) in township five (5) south, in range eight (8) west, containing 2568 acres. There was a verdict and judgment in favor of the defendants below and for its review the plaintiff below comes here by writ of error.

At the trial the plaintiff requested the court to give an affirmative charge to the jury to find in his favor, which instruction was refused. Such refusal was duly excepted to and is assigned as error.

This instruction on the testimony in the case should have been given, and the court below erred in its refusal to give it. The plaintiff below exhibited a complete chain of title in himself running back to the Spanish Government, and showed that the land was wild forest, unoccupied and unimproved. The defendants claimed under a tax title that was admitted to be void, but claimed that they had been in the actual possession of said lands for four years prior to the institution of the plaintiff's suit, invoking the provision of section 591 of the General Statutes of 1906, which provides as follows: "When the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by the former owner or claimant, his heirs or assigns, or his or their legal representatives for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser at such tax sale goes into possession of the land so bought."

The only proof offered by the defendant to show his possession of these lands was that he stretched around the entire tract one barbed-wire nailed to trees, saplings and some posts at a height of about four feet from the ground and below this barbed-wire, about fifteen or eighteen inches apart two strands of small smooth wire such as is usually known as telephone wire, and that he cut and sold from said lands at different times some saw logs and wood. No part of it was ever actually occupied by him or improved in any manner.

Section 1721 of the General Statutes of 1906 provides as follows in part: "For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument or a judgment or decree, land shall be deemed to have been possessed and occupied in the following cases:

(1.) Where it has been usually cultivated or improved.

(2.) Where it has been protected by a substantial en-closure."

Was the enclosure put by the defendants around these lands such a substantial enclosure as is called for by our statutes? We think not. The undisputed facts in proof show that the cattle of the neighborhood roamed through and over it at will.

But besides this, we do not think that the proofs in the case show clearly, definitely and with that accuracy that is called for in such cases, that the makeshift of an en-closure put around the land by the defendants had been put there and maintained continuously for four years prior to the bringing of the suit, but in our view the weight of the evidence shows that it was not so enclosed for four years prior to the institution of the suit.

For the reasons stated, the judgment of the court below is reversed and a new trial ordered at the cost of the de-fendants in error.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.