PAUL SANBORN AND MARY A. CAREY, JOINED BY HER HUS-
BAND, C. O. CAREY, *Appellants,* v. SOUTH FLORIDA
NAVAL STORES COMPANY, *et al., Appellees.*

Opinion filed January 25, 1918.

Petition for rehearing denied April 19, 1918.

1. The limitation of four years provided by Section 591, General
   Statutes, 1906, by its terms applies only to suits for the re-
   covery of the possession of the land; and it has no applica-
   tion to suits to remove clouds from legal titles brought by a
   complainant in possession of the land or where the land is
   wild, unimproved and unoccupied.

2. In a suit to quiet title to wild, unoccupied and unimproved
   lands, where the complainants show a legal title and the de-
   fendants do not show a superior title by adverse possession
   or otherwise, it is error to decree that title is in the defend-
   ants.

3. Where title to wild, unoccupied and unimproved lands is
   shown to be in complainants and that defendants have not
   acquired title by adverse possession or otherwise, the com-
   plainants are not barred by laches of a right to quiet their
   title to the lands, because they have not paid taxes for a
   number of years and defendants under a defective deed paid
   the taxes and took turpentine and timber from the land but
   made no improvement thereon.

Appeal from Circuit Court for Orange County, J. W.
Perkins, Judge.

Decree reversed.

*Dickinson & Dickinson,* for Appellants;

*H. M. Hampton,* for Appellees.

WHITFIELD, J.—Appellants in their bill of complaint brought March 8, 1915, to quiet title to lands allege "that they are owners each of an undivided one-half interest in fee simple of" described lands; "that said lands are wild, unoccupied and unimproved;" that they derived their title to said lands as follows, by a patent from the United States of America to John W. Sanborn, to the North Half of Southwest Quarter of Section Five, East Half of Southwest Quarter of Section Six, Township and Range aforesaid, said, John W. Sanborn being the husband of the said Mary A. Carey, complainant herein, and the father of the said Paul Sanborn, complainant herein; that the said John W. Sanborn died about June, 1885, leaving as his only heirs at law, his widow, Mary A. Sanborn, complainant herein, now Mary A. Carey, and Paul Sanborn, complainant herein, the only child of the said Mary A. Sanborn and J. W. Sanborn aforesaid; that said John W. Sanborn died intestate, and that at the time of his death there remained property unsold of the said homestead last mentioned that part which is first described in this bill of complaint." It is alleged that the defendants claim under void tax deeds covering the land. The South Florida Naval Stores Company by answer set up as defenses a tax title obtained in 1906, and adverse possession for four years under Section 591 General Statutes of 1906, and laches of the complainants. Replication was filed and testimony taken before a master. Final decree was rendered for the defendant, South Florida Naval Stores Company, it being held that the defendant "has sustained its title to the said land." On an application for rehearing the chancellor rendered a decree setting up his rulings on testimony and decreeing that "it was admitted by counsel for defendant South Florida Naval

VOL. 75, JANUARY TERM, 1918.          147

Sanborn et al. v. So. Fla. Naval Stores Co.—Opinion of Court.

Stores Company that the various tax deeds set up in
the bill were technically invalid for the reasons therein
set up, and were insufficient to give said South Florida
Naval Stores Company title, except as color of title
coupled with adverse possession.

"And it being made to appear both by the bill
of complaint and by the admission of counsel that the
South Florida Naval Stores Company is the only defend-
ant actually interested in the fee, the other defendants
being only interested in the timber, and the court after
having considered the foregoing testimony, and made the
rulings thereon, and having fully considered all evi-
dence produced in the case, and being advised in the
premises, find that the complainants have not sustained
their complaint, and that the defendant, South Florida
Naval Stores Company has sustained its title to the said
lands involved, which said lands are described as fol-
lows, to-wit: Southwest Quarter of Southwest Quarter
except North Half of Northeast Quarter of Southeast
Quarter of Southeast Quarter of Section 6; South Half
of North Half of Northeast Quarter of Southeast Quar-
ter of Section 6; West three-quarter of Northeast Quar-
ter of Southwest Quarter of Section 5; and Northwest
Quarter of Southwest Quarter, less begin at the S W
corner of said Northwest Quarter of Southwest Quarter
of Section 5, run East 13.16 chains, North 10 chains,
West 13.16 chains, South 10 chains, to point of begin-
ning Section 5; all in Township 22, Range 31.

"And that the complainants are not entitled to any
relief as against the tax title held by said defendant,
South Florida Naval Stores Company.

"It is ordered and adjudged:

"1.   That the equities of this case are with the defend-
ant, South Florida Naval Stores Company.

"2. That the complainants take nothing by their suit, and that the bill of complaint be and is hereby dismissed, at the costs of the complainants, which cost the clerk is directed to tax upon proper application by the defendants."

On appeal taken by the complainants from the final decree various assignments of error are presented, but it seems only necessary to determine whether Section 591 General Statutes of 1906, which provides that "when the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by the former owner or claimant, his heirs or assigns, or his or their legal representatives for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser at such tax sale goes into possession of the land so bought," is available as a defense to this suit to quiet title.

The above quoted statute by its terms applies only to suits "for the recovery of the possession of the land;" and it has no application to suits to remove clouds from legal titles brought by a complainant in possession of the land or where the land is wild, unimproved and unoccupied. See Dees v. Smith, 55 Fla. 652, 46 South. Rep. 173; Johnson v. Ellsworth Trust Co., 63 Fla. 443, 58 South. Rep. 249. In this case the complainants showed a legal title in themselves and it does not appear from the testimony that the defendant had acquired title by adverse possession for seven years under section 1721 *et seq.* Gen. Stats. 1906. The defendant by answer in effect concedes "technical invalidities in the tax deeds running to" it, the defense being title by adverse possession for four years under the above quoted statute and laches. Under the four year statute the tax sale pur-

chaser must have "actual possession" of the land. The possession shown was the taking of turpentine from the trees on the land for about four years. As possession of lands for four years under the quoted statute is not a defense to a suit to quiet title brought by the owner of wild, unoccupied and unimproved land, the decree of the chancellor based on the statute is erroneous. The complainants did not pay taxes on the land for a number of years. The defendant made no improvements, but paid taxes after acquiring the tax deed and took turpentine and timber from the land. Laches to bar the complainants is not shown.

Decree reversed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WEST, J., dissents.