V. M. DOUGLASS, JOINED BY HER HUSBAND AND NEXT FRIEND, E. A. DOUGLASS, *Appellants,* v. WILLIAM G. ALD-RIDGE, *Appellee.*

### En Banc.

### Opinion Filed June 18, 1925.

### Petition for Rehearing Denied July 15, 1925.

1. A tax deed whether valid or invalid is color of title under our statute.

2. It is well settled that where one claims title by adverse possession every presumption favors such possession in sub-ordination to the title of the true owner and adverse pos-session against such owner must be taken strictly and estab-lished by clear and positive proof.

3. One relying on title by adverse possession is imposed with the burden of proving all the facts necessary to establish such title as against the legal title of the true owner who is deemed in law to be in seisin and possession thereof.

4. The authorities are unanimous in holding that to bar true owner of land from recovering it from one in adverse pos-session and claiming ownership through the operation of the Statute of Limitations, the possession must have been for the full statutory period. under claim of right or color of title, and must have been actual, open, visable, notorious, con-tinuous and hostile to the true owner and to the world at large.

5. Looking after and paying taxes on wild land and town lots is not adverse possession. McKinnon v. Johnson. 59 Fla. 332, South Rep. 288.

An Appeal from the Circuit Court for Seminole County; James W. Perkins, Judge.

Decree reversed.

*Geo. A. DeCottes,* for Appellants;

*Geo. G. Herring,* for Appellee.

TERRELL, J.—Appellants brought suit in chancery in the Circuit Court of Seminole County to quiet title to Lot 8, Block 3, Tier 1, of Sanford, Florida, according to E. R. Trafford's Map as per plat thereof duly recorded. Decree *pro confesso* was taken against all defendants except appellee, who filed his original answer resisting the relief prayed for by appellants, and his amended answer seeking affirmative relief. On final hearing, after evidence taken, the chancellor denied the relief sought by both the bill and the amended answer, and dismissed the suit. Complainants appealed, and defendant filed cross-assignments of error.

Appellants' claim to the lands in question is based on a quit-claim deed from Enoch Bell, dated May 23, 1916. Bell's title came by warrantee deed from the Florida Land & Colonization Company through R. H. and Catherine Nevins. Appellee's claim is based on a tax deed to the lands in question and seven years' adverse possession as required by statute, said tax deed being dated August 6, 1907, and based on Certificate No. 1388, June 1st, 1896, for taxes of 1895. Appellants contend that the tax deed is void and conveys no title.

The ultimate question presented here for our determination is whether or not appellee has established seven years' continued occupation and possession of the premises involved as contemplated by Section 2935, Revised General Statutes of Florida, 1920.

A determination of whether or not the tax deed on which appellee grounds his title was legally issued can serve no

useful purpose, as this court has repeatedly held that a tax deed, whether valid or invalid, is color of title under our statute. Carn v. Haisley, 22 Fla. 317; Gilbert v. Southern Land & Timber Co., 53 Fla. 319, 43 South. Rep. 754; 1 R. C. L. 712, par. 25.

The answer to the bill of complaint admits that Enoch Bell at one time held title to the lot in question and that such title was derived in the manner alleged in the bill. There is evidence which shows that from May, 1916, to date of filing this suit appellant was in possession of the said lot and exercised such acts of possession and ownership as keeping it in a sightly condition by removing waste paper, trash and other accumulations. It is also shown that appellant paid taxes, sidewalk and street paving assessments on said lot during the period as above indicated and evidenced such other acts of ownership and possession as authorizing its use for certain purposes, placing it in the hands of an agent for sale and exercising general care and supervision over it.

I think it is well settled that where one claims title by adverse possession every presumption favors such possession in subordination to the title of the true owner, and adverse possession against such owner must be taken strictly and established by clear and positive proof. The holding necessary to vest title by adverse possession must be actual, continuous and adverse to the legal title for the full statutory period. Barrs v. Brace, 38 Fla. 265, 20 South. Rep. 991; Gilbert v. Southern Land & Timber Co., 53 Fla. 319, 43 South. Rep. 754; 1 R. C. L. 716, par. 30.

One relying on title by adverse possession is imposed with the burden of proving all the facts necessary to establish such title as against the legal title of the true owner who is deemed in law to be in seisin and possession thereof. So far as I have been able to find, the authorities are unanimous

in holding that to bar the true owner of land from recover-
ing it from one in adverse possession and claiming owner-
ship through the operation of the statute of limitations, the
possession must have been for the full statutory period,
under claim of right or color of title, and must have been
actual, open, visible, notorious, continuous and hostile to
the true owner and to the world at large. Hyer v. Griffin,
55 Fla. 560, 46 South. Rep. 635; Dallam v. Sanchez, 56 Fla.
779, 47 South. Rep. 871; Adams v. Fryer, 59 Fla. 112, 52
South. Rep. 611; 1 R. C. L. 685; Sanborn v. South Florida
Naval Stores Co., 75 Fla. 145, 78 South. Rep. 428; Gould v.
Carr, 33 Fla. 523, 15 South. Rep. 259.

To support his claim by adverse possession appellee tes-
tified in substance that he acquired tax deed to the lands
described in the bill of complaint in August, 1907; that
later, perhaps in September, he inclosed them with a sub-
stantial wire fence and used the enclosure for a mule lot for
somewhere from five to eight years. He never was definite
as to the length of time he used it for this purpose, and
there was no supporting evidence except that of A. D.
Smith, who testified that some time in 1914 or 1915 there
was a dilapidated fence around the land that he (Smith)
caused to be removed. W. A. Tillis also testified that at
some time, he could not say when, he had seen mules in the
lot and supposed them to belong to appellee. The record
also shows that appellee paid municipal taxes on the lands
in question for the years 1907, 1908, 1909, 1912, 1913 and
1914, and that he paid State and county taxes on said lands
for the years 1909, 1911, 1912, 1913 and 1914, but this court
has held that looking after and paying taxes on wild land
and town lots is not adverse possession. McKinnon v. John-
son, 59 Fla. 332, 52 South. Rep. 288. There is also testi-
mony showing that a short time before this suit was brought

appellee constructed a second fence around these lands, but there is no specific showing of possession or ownership from the time of the removal of the first fence to the construction of the second.

On consideration of the whole record I think the proof of adverse possession is too loose, indefinite and uncertain to displace the owner of the legal title, who has been paying taxes, sidewalk and street assessments and exercising such other evidences of ownership as are herein enumerated.

The decree of the chancellor therefore is reversed, with instructions to enter his decree quieting title to the lands involved in the name of the complainant, V. M. Douglass.

WEST, C. J., AND WHITFIELD AND STRUM, J. J., concur.