JULIA SANDERS, JOINED BY HER HUSBAND, P. G. SANDERS, *Appellants*, v. ALFORD BROTHERS COMPANY, A CORPORATION, AND T. W. JOHNSON, SHERIFF OF HOLMES COUNTY, FLORIDA, *Appellees*.

En Banc.

Opinion Filed September 25, 1926.

1. When a court of chancery assumes jurisdiction of a cause for one purpose, which is the principal object of the suit, it will proceed to the settlement of the entire cause. Donegan v. Baker & Holmes Co., 73 Fla. 241, 74 South. Rep. 202; Commercial Bank of Ocala v. First Nat. Bank of Gainesville, 75 Fla. 634, 79 South. Rep. 446. A court of chancery having jurisdiction for one purpose will retain the bill as to all matters germane and necessary to the doing of justice between the parties.

2. In the instrument alleged to have been executed by P. G. Sanders to Julia Cooper, now Julia Sanders, and alleged to be the color of title under which Julia Cooper Sanders seeks to hold adverse to the record title in appellees, the land with-

out mentioning any State or County is described as "northeast half of northeast half of (SE) three, Township five, North Range Sixteen West, Northeast half of the Northeast half of (SE) four, Township five, Range Sixteen West." There is no such description of a given section of land known to our system of describing lands as the Northeast half of the Northeast half of a Section. We have adopted in this State the United States Government system of describing lands, in accordance with the letter and spirit of Sec. 2396 C. 9, Rev. St. U. S. which section directs the subdivision of the public lands into quarter-sections. Stonewall Phosphate Co. v. Peyton, 39 Fla. 726, 23 South. Rep. 440.

3. Where a wife receives no title from her husband and they are in possession of the premises together with their children, her possession is not adverse to her husband's possession.

4. Possession, to be adverse so as to vest title in the possessor after the lapse of the required time, must be not only open, notorious and continuous, but also exclusive; it must operate to oust or disseize any other person who may claim title or right of possession.

5. Where two persons are in possession, claiming under different and hostile rights, the law refers the possession to the party having the title.

An Appeal from the Circuit Court for Holmes County; D. J. Jones, Judge.

Decree affirmed.

*J. Walter Kehoe, Philip D. Beall* and *John M. Coe*, for Appellants;

*R. A. McGeachy* and *J. A. J. Hathaway*, for Appellees.

LONG, Circuit Judge.—This is an appeal from a Final Decree rendered in the Circuit Court of Holmes County, Florida, in which Final Decree the Chancellor found the legal, equitable and fee simple title in the property described in the bill to be vested in the Appellees, Alford Brothers Company, a corporation, and Henderson Waits Lumber Company, a corporation, dissolved the temporary injunction issued in said cause, and directed the Appellants to vacate the premises and to deliver the possession thereof to the Appellees. ·

The Bill and Amended Bill allege in substance that P. G. Sanders, one of Complainants in the Court below, in the year 1886 purchased the land described in the bill from a squatter, one J. B. Newton, and on the 15th day of February, 1886, deeded the same by an unrecorded instrument attached to the Amended Bill of Complaint to one Julia Cooper, who later, in the year 1900, was married to the said P. G. Sanders. That in the year 1886 the said Julia Cooper, afterwards Julia Sanders, one of Appellants herein, had her residence upon the land, claiming the same as her own under the instrument which she regarded as a deed, and that for more than twenty years she has had possession of each of the described forty acres of land, enclosed with substantial fence, has grown crops upon portions of each forty, and she and her tenants have occupied same openly and exclusively to the time of the filing of the Bill of Complaint in this cause on to-wit, December 31, 1914, and that her title had matured by adverse possession. That on December 31, 1914, the Sheriff of Holmes County, Florida, acting under and by virtue of a writ issued by the County Judge of said County, directing him to dispossess all persons in possession of said premises, and that he was actually making preparation to dispossess complainant when a temporary restraining order was issued by the

Circuit Court. The Bill also gives the history of the proceedings before the County Judge. The prayer is for injunction and that the title be quieted in complainant, Julia Sanders.

The Answer, in substance, deraigns the title of Appellees to the land in controversy in an unbroken chain by patent from the United States government in the Appellee, Henderson Waits Lumber Company, a corporation. It avers the actual possession and occupancy of the land since the 3rd day of June, 1912, and that all of its predecessors in title from the government were in the actual possession, occupancy and use of the lands except for a short period of time, when the title was in Pensacola and Atlantic Railroad Company. That while one J. B. Newton was in the employ of one of Appellee's predecessors in title he built a house on part of the land in controversy and that he and his family lived in said house while he, Newton, cut and hauled logs for Appellee's predecessor in title, one Wilds L. Wittich, from these lands and other lands; that the house was built without any intention to effect the title and rights of Appellee's predecessor in title. That, in keeping with a certain custom among employees of predecessor in title, Newton sold his improvements upon these lands to P. G. Sanders, who entered into the employ of Appellee's predecessor in title, and moved into the house situated on some portion of the lands involved in this suit. That Julia Cooper, now Julia Sanders, and the said P. G. Sanders lived in the home together a number of years, she giving birth to several children of which the Appellant, P. G. Sanders, was the reputed father; that she exercised no acts of ownership by the payment of taxes or otherwise until the institution of the injunction suit. That after living in the home together for a long period of time

and after the marriage of said Sanders to said Julia Cooper, upon refusal of said Sanders to pay rent for the premises or to remove himself and family, the Sanford Lumber Company, one of Appellee's predecessors in title, instituted a suit in ejectment against said P. G. Sanders, and on October 24, 1906, a judgment was rendered in favor of said Company. That P. G. Sanders further recognized the rights of Appellee's predecessor in title by executing, on the 2nd day of January, 1912, a certain rent note in payment of rents for the lands involved in this suit, which note was assigned to Alford Brothers Company, who, when payment was refused, obtained a Writ of Possession from the County Judge's Court of Holmes County, Florida, the execution of which Writ was prevented by the issuance of the temporary injunction.

The Answer prays for the affirmative relief granted "by the Final Decree appealed from."

There are nine Assignments of Error, but as counsel for Appellants content themselves with arguing only the eighth assignment, the other assignments of error will be treated as abandoned. The eighth assignment of error is upon the entry of the Final Decree, and the first contention of counsel is that the Court was in error in assuming jurisdiction to settle the title. The prayer of the Bill and Amended Bill is only that the Court enter a temporary restraining order, afterwards to be made perpetual, but that the instrument of conveyance carrying the title of the lands into the Appellees, be decreed to be a cloud upon Appellants' title. The answer prays affirmative relief and the relief granted in the Final Decree is an adjudication of the title in conformity with the prayer for affirmative relief. The ruling of this Court is that "when a court of chancery assumes jurisdiction of a cause for one purpose, which is the prin-

cipal object of the suit, it will proceed to the settlement of the entire case.''

> Donegan v. Baker & Holmes Co., 73 Fla., 241;
> 74 So., 202.
>
> Bank of Ocala v. National Bank of Gainesville;
> 75 Fla., 634, 79 So., 446.

''A Court of Chancery having jurisdiction for one pur-- pose will retain the bill as to all matters germane and necessary to the doing of justice between the parties.''

> Sommers v. Apalachicola Northern R. Co., 75
> Fla. 159, 79 So., 446.

The Court having determined that the lower Court was not in error in adjudicating the matters german and necessary to the doing of justice between the parties, there can be but two questions under the pleading and evidence to be determined by this Court.

First: Did the Appellant, Julia Cooper-Sanders hold adversely to the claim of Appellees under color of title?

Second: Whether the possession of the Appellee, Julia Cooper-Sanders, under claim of right, had ripened into a title adverse to the title of Appellees, or whether she at any time had possession of the lands in controversy in this suit.

The testimony is conclusive that Newton had no title to the land described in the bill; that he was there as a squatter, and that he executed no instrument of conveyance to Sanders when Sanders entered into possession. The instrument from Sanders to Julia Cooper-Sanders alleged to be the color of title under which Julia Cooper-Sanders, seeks to hold adverse to the record title in Appellees, is as follows:

''State of Florida,
Holmes County.

Know all men by these presents, that this indenture is made this 15th day of February, A. D. 1886, between P. G. Sanders of the County of Holmes in the State of Florida

party of the first part, and Julia Cooper, of the County of Holmes and State of Florida, party of the second part, Witnesseth:

That said party of the first part for and in consideration of the sum of three hundred dollars me in hand paid by the said party of the second part, the receipt whereof is hereby have acknowledged granted bargained and sold said of the second part her heirs and assigns forever the following described land, to-wit:

The North East half of North East half of (S. E.) three township five north range sixteen west Northeast half of the North East half of (S. E.) four township five range sixteen west.

Signed by P. G. SANDERS.

Witness bye

W. H. Cooper

E. A. Sanders."

This instrument bears no evidence of having been acknowledged or of recordation, and so far as the record speaks, was not known to have existed until the bill was filed for injunction. The land is not described to be in any particular county or in any particular State, but the description in the instrument is North East half of North East half of (S. E.) three township five North range sixteen west, North east half of the North East half of (S. E.) four township five range sixteen west.

While the Appellants in the Bill and Amended Bill decipher such a description as being the West half of the Northeast quarter of Section Three and the North half of the Northeast quarter of Section Four, in Holmes County, Florida, the Appellant, Julia Cooper Sanders, is confined to the description set forth in the instrument. It is upon that instrument that she relies for color of title. There is no such description of a given section of land known to

out system of describing lands as the North-east half of the Northeast half of a section. We have adopted in this state the United States government system of describing lands, in accordance with the letter and spirit of Section 2396 c. 9 Rev. St. U. S., which section directs the subdivision of the public lands into quarter-sections.

Stonewall Phosphate Co. v. Peyton, 23 So., 440; 39 Fla. 726.

The description of the land contained in the instrument being unintelligible and unknown to the governmental subdivisions of land, such instrument will not be considered as color of title.

The Court having determined that the instrument from P. G. Sanders to Julia Cooper, by reason of the void description, will not be considered as color of title, then the question to be determined is: Did the Appellant, Julia Cooper-Sanders, at any time have possession of the land described in the Bill and Amended Bill? Under the pleading and evidence P. G. Sanders entered into possession by reason of a purchase from Newton of the improvements upon the land, and shortly after his entry into possession the Appellant, Julia Cooper-Sanders, moved upon the premises, occupying the house with P. G. Sanders, and together they resided upon the lands since the entry by P. G. Sanders in the year 1886; that during this time and about the year 1900 they intermarried. During the period of time that Appellants lived together prior to their marriage the possession of P. G. Sanders was not interfered with by the Appellant, Julia Cooper, nor was he ousted either actually or constructively. After their marriage the possession of Julia Sanders was the possession of her husband, and did not become antagonistic to his rights.

"Where the wife receives no title from her husband and they are in possession of the premises together, with

their children, her possession is simply subordinate to her husband's possession.''

Chicago & A. R. Co. v. Keengan et ux., 56 N. E. 1088.

Possession, to be adverse so as to vest title in the possessor after the lapse of the requisite time, must be not only open, notorious and continuous, but also exclusive. It must operate to oust or disseise any other person who may claim title or right of possession.

The evidence in this case, by a number of witnesses, shows that Appellees' predecessors in title for many years after the entry of possession of these lands by P. G. Sanders, cut and removed timber therefrom, even entering the enclosed fields for the purpose of removing such timber; that the same was without objection on the part of P. G. Sanders or of Julia Cooper-Sanders; that upon refusal of the Appellant, P. G. Sanders, to remove himself and family from these premises, that a suit in ejectment was brought in the Circuit Court of Holmes County and that a judgment was entered in favor of Appellees' predecessor in title and against said Appellant. That later a Writ of Ejectment was issued and placed in the hands of the Sheriff and that when said Writ was about to be served the Appellant, P. G. Sanders, admitted the title of Appellees by the execution of what is commonly termed a rent note, and upon his failure to pay the note, an action under the Landlord and Tenant Act was instituted in the County Judge's Court of Holmes County, Florida, and a Writ of Possession issued therefrom, which was prevented from being executed by the temporary restraining order.

The Appellees in this case have offered evidence of possession, and the pleadings and evidence show an unbroken chain of title in the Appellees, Henderson Waits Lumber Company, by patent from the United States Government.

''Where two persons are in possession claiming under

different and hostile rights, the law refers the possession to the party having the title.''

Gafford et al. v. Strouse, 7 So. p. 248; Supreme Court of Alabama, citing

Pickett v. Pope, 74 Ala. 122;

Bragg v. Massie, 38 Ala., p. 89;

Farmer v. Eslava, II Ala., 1028.

Decree of the Chancellor affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Court below should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM and BUFORD, J. J., concur.