ATLANTIC COAST LINE RAILROAD CO. v. W. L. SEWARD

150 So. 257.
Division A.
Opinion Filed October 13, 1933.

*T. Paine Kelly,* for Plaintiff in Error;
*Benjamin H. Webster,* for Defendant in Error.

ELLIS, J.—This was an action of ejectment brought by the Atlantic Coast Line Railroad Company against W. L. and L. P. Seward to try the title to two small parcels of land lying as it was alleged within the railroad right of way in Polk County, Florida, in Sections Thirty-one and Thirty-two of Township 29 South, Range 26 East. The amount of land involved comprises two very small parcels upon which a cement or concrete construction plant with small houses was erected. The plaintiff took a nonsuit as to L. P. Seward and the cause proceeded against W. L. Seward on the plea of not guilty. The case resolved itself into the question whether the defendant's possession of the land had ripened into a title by adverse possession without color of title.

The plaintiff deraigned its title by mense conveyances from the State of Florida.

The defendant's defense was title by adverse possession without color of title. The action was begun in November, 1928. The railroad was built, at the point where the lands in controversy lie, in the year 1886. It passed through several ownerships to the Atlantic Coast Line Railroad Company. The Seward Construction Plant located upon the parcels of land in controversy is between Lakeland and Bartow and is within one hundred feet from the center of the railroad's main track at that point and therefore upon the "one-hundred-foot" right of way of the railroad.

Mr. Osro Barnett and persons claiming under him have from time to time since approximately 1913 exercised possession of the property. Prior to that time Barnett's father exercised a sort of control over the property from the year 1904, and prior to that his predecessor in alleged ownership, W. W. Davis, asserted ownership of it from the year 1900. Seward obtained possession from Barnett, the son. The contention being that the fences which had been built were upon a line sixty feet from the center of the railroad track. The property in controversy lies outside the sixty feet but within one hundred feet from the center of the track.

The trial court left the question of fact to the judgment of the jury, whether the possession of the land by Barnett and his predecessors and successor in claim of title had been actual, continuous, and adverse to the legal title. The jury found for the defendant and the plaintiff took a writ of error to the judgment entered upon that verdict.

The doctrine of title by adverse possession to lands is very securely embedded in the consciousness of the people to the point at least where one who conceives himself as having exerted ownership over land for a long period of time finds that the evidence of that ownership has not been of such character as satisfies the doctrine becomes critical

if not resentful of the law agencies which deprive him of that which he has so long considered his own. The rule or doctrine of title by adverse possession with or without color of title rest upon a presumption which is often a fiction purely, that the owner of the record title has abandoned the land to the present claimant. See Article by Henry W. Ballentine in 32 Harvard Law Review 135, years 1918 and 1919. 2 Tiffany on Real Property (2nd) 1920.

The rule of evidence applicable to a claim of title by adverse possession therefore of very necessity requires a high degree of certainty in the proof offered to sustain such a claim as to the actuality, continuity and publicity of the possession and its character as openly and notoriously adverse to the record owner of the title. Mere possession of the land is presumed to be in subordination to the title of the true owner. Gilbert v. Southern Land & Timber Co., 53 Fla. 319, 43 South. Rep. 754; Barrs v. Brace, 38 Fla. 265, 20 South. Rep. 991.

The doctrine is to be taken strictly and not made out by inference but by clear and positive proof. Barrs v. Brace, *supra.*

As to the continuity of possession, the doctrine obtains in some jurisdictions that adverse possession having once been shown is presumed to continue until the contrary appears. That rule is based upon a presumption that where the existence at one time of a certain condition or state of things is shown the presumption arises that such state or condition continues.

The fallacy of such a rule consists in supposing that possession of land by a wrongdoer, that is to say, by one having no legal right to go upon it, is of a continuing nature. Another fallacy is that such a rule builds one presumption upon another.

No such rule obtains in this State. On the other hand, one who claims title by adverse possession must show his possession to have existed continuously for the whole period of limitation. Townsend v. Edwards, 25 Fla. 582, 6 South. Rep. 212; Keech v. Enriquez, 28 Fla. 597, 10 South. Rep. 91.

Such continuity of possession must be shown clearly, definitely and with accuracy. It must be shown that the claimant continuously maintained a legally recognized possession for the full statutory period necessary to bar the former owner. See Hyer v. Griffin, 55 Fla. 560, 46 South. Rep. 635; Dallam v. Sanchez, 56 Fla. 779, 47 South. Rep. 871; Adams v. Fryer, 59 Fla. 112, 52 South. Rep. 611; Baugher v. Boley, 63 Fla. 75, 58 South. Rep. 980; Mullan v. Bank of Pasco Co., 101 Fla. 1097, 135 South. Rep. 323; Clark v. Cochran, 79 Fla. 788, 85 South. Rep. 250.

Where the proof is not clear and positive of adverse possession and occupation for the full statutory period no title by adverse possession can be adjudged. Horton v. Smith-Richardson Inv. Co., 81 Fla. 255, 87 South. Rep. 905; Douglass v. Aldridge, 90 Fla. 51, 105 South. Rep. 145.

In the case of Gilbert v. Southern Land and Timber Co., *supra,* the Court, speaking through Mr. Justice HOCKER, said: "The evidence in this case is too desultory and uncertain as to the date when the acts were commenced by which it is attempted to make out a title by adverse possession." Those words would constitute an appropriate criticism of the evidence in this case if confined to the continuity of the possession on which the defendant relied. Clarity, definiteness, certainty of a proposition or the existence of a fact, does not depend upon a multiplicty of words, nor may the claims of the defendant be bolstered up by pyramiding one presumption upon another. If he has a case it is susceptible of proof to the degree of cer-

tainty which the rule requires. Our examination of the evidence in the case convinces us that justice would be better served by a reversal of the judgment and the awarding of a new trial, that the defendant may, if he can, come more definitely within the requirements of the rule under which he asserts a title superior to that of the rightful owner.

Judgment is reversed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.