**GRADY PEADEN v. R. J. ESTES and wife, CATHERINE ESTES and T. J. ESTES.**

36 So. (2nd) 923 June Term, 1948
October 1, 1948 Special Division B

*Philip D. Beall, Jr.,* for appellant.

*Parker, Foster & Wigginton,* and *Woodrow M. Melvin,* for appellees.

ADAMS, J.:

We affirmed the decree here on appeal without opinion and have since granted a rehearing.

The controlling question is whether the holder of a tax deed in this case is entitled to the benefit of Section 196.06, Fla. Stat., 1941, F.S.A., which provides:

"When the holder of a tax deed goes into actual possession, occupancy and use of the land embraced in such tax deed, and so continues for a period of four years, no suit for the recovery of the possession thereof shall be brought by a former owner or other adverse claimant, unless such suit be commenced within, or prior to, the said period of four years after the holder under such tax deed has entered into the actual possession, occupancy and use of the land embraced in said tax deed;

The chancellor found:

"The defendants, R. J. Estes and J. T. Estes and their predecessors in title, have enjoyed the actual possession, occupancy and use of the lands in question, beginning in January, 1937, and continuing until about September, 1942, at which time turpentine operations on said property ceased due to the fact that Lamar Estes, who is a brother of the defendants and was by them employed to carry on such turpentine operations, was called into the Armed Forces of this nation. The court further finds from the evidence that from September, 1942, until the institution of litigation, the defendants used the property for the growth of pine timber and kept the same under their control and supervision. The defendants, through their agent and servant, J. E. Estes, were

in possession of the property, and were engaged in cutting and removing pulp wood therefrom when such possession was terminated on February 1, 1947, by a restraining order issued by the Commissioner of this Court at the suit of Grady Peaden, which order was in force at the time of the filing of the above entitled cause."

Appellant insists that Sanvorn v. South Florida Naval Stores Company, 75 Fla. 145, 78 So. 428, compels a reversal of this decree. In the cited case the showing of possession was only that of paying taxes and taking turpentine from the trees. From the quoted findings of the chancellor the character of possession in this case is much stronger.

We, therefore, adhere to our former judgment of affirmance.

So ordered.

THOMAS, C. J., TERRELL and BARNS, JJ., concur.