PARKS, Associate Justice.
Lillie T. Squires, the defendant in the lower Court, appeals from a decree quieting title to certain lands in the plaintiff, Frank Rispler, in which she claimed an undivided one-half interest. May 8, 1952 Rispler brought the suit to quiet title to two certain contiguous tracts of land in Dade County against Lillie T. Squires and others. She is the sole contesting defendant.
Plaintiff based his title on payment of taxes and adverse possession for the seven-year period under color of title of warranty deed from C. B. Squires of the date of September 22, 1942 purporting to convey the entire title to him. On that date recorded title was in the name of C. B. Squires and Lillie T. Squires as tenants in common. The adverse possession relied upon to satisfy the Statute is that of cultivation of the land or portion thereof continuously for the seven-year period beginning with the receipt of the deed. His proof is to the effect that immediately upon receipt of the deed he went into possession and shortly thereafter cultivation of the premises commenced. Upon the issue of the sufficiency and continuity of the cultivation of the lands testimony was taken before a Master who recommended decree for the plaintiff and upon final hearing the Chancellor confirmed the report and decreed the relief prayed quieting the title in the plaintiff.
We have carefully and in detail considered the testimony of the several witnesses and the evidence of the plaintiff and, appraising it in its most favorable view to support the claim of adverse possession, we are convinced that it fails to satisfy the statutory requirements of the actuality and continuity of possession. Moreover, the testimony adduced fails to measure up to the high degree of certainty, clarity and positiveness required in a case of this character. Gould v. Carr, 33 Fla. 523, 15 So. 259, 24 L.R.A. 130; Atlantic Coast Line Railway Co. v. Seward, 112 Fla. 326, 150 So. 257.
The cause is reversed with directions that the bill of complaint be dismissed with prejudice.
THOMAS, Acting C. J., and TERRELL and MATHEWS, TT., concur.