DREW, Justice.
In a suit to quiet title brought by appellants, the appellee Davis filed an answer alleging he “had been in the adverse possession of the lands * * * under color of title for more than thirty years prior to the commencement of this suit.” For a further defense Davis" alleged that appellants had not “been seized or possessed of said premises within seven years before the accruing of the supposed right of action upon which suit is brought and that said plaintiffs are barred from the bringing of this proceeding under the provisions of Section 95.14, Florida Statutes 1951 [F.S.A.].”
Appellants’ predecessors in title acquired title to the lands in 1897 from the Trustees of the Internal Improvement Fund. Ap-pellees’ predecessors in title acquired title under a void tax deed issued in 1891. Such deed was void because issued some six years before title left the State.
After hearing evidence on the issues the Chancellor below rendered a final decree quieting title in the appellee Davis pursuant to an opinion rendered by him as follows :
“This is an equity suit brought by the Atlantic Coast Line Railroad, or its subsiduary Company, to quiet title to the land involved. The record in this case shows that the Company got title to this property in 1904; that it did absolutely nothing with this property until it started paying taxes in, I believe, 1944, a period of 40 years. I’m sorry, I’m wrong, they paid the taxes to 1944, when they quit. They did nothing in regard to physical title to the property. In the meantime the property for many years had a log tram on it and logging done on it, there had been turpentining done on it, and there is some evidence here that, apparently the preponderance seems to be, they turpentined it for approximately eight years. I feel like that under the new Statutes, those 20 years provisions, that the Coast Line is guilty of laches. They let people go out there, and if they wanted to protect this property, and wanted to do something about it, they ought to have done it a long time ago. And I think the 20 year Statute, that is a very salutatory statute. I realize the sanctity of titles, and that legal record titles where people act in reasonable promptness should be protected, but I am not inclined to get super-technical now after these people sat down there and never did a thing in the world about this land for 40 years and help them out, so I am going *911 to decide for the defendant, and you can draw up the decree accordingly.”
Our analysis of the testimony of the appellee Davis — the only witness testifying for the defendant — as well as that of appellants’ witnesses Wheller and Caruth-ers, fails to disclose any competent substantial evidence which could afford a basis for the decree appealed from. It is undisputed that appellants had the legal title. Therefore, the appellants are “presumed to have been possessed thereof within the time prescribed by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for seven years before the commencement of such action.” The quotation is the exact language of Section 95.13, Florida Statutes 1951, F.S.A. We have construed this section to cast upon one who claims title by adverse possession for the required period to establish that fact by clear and positive proof. Avery v. Lock, 55 Fla. 612, 46 So. 844; Florton v. Smith-Richardson Inv. Co., 81 Fla. 255, 87 So. 905; Mullan v. Bank of Pasco County, 101 Fla. 1097, 133 So. 323.
In Douglass v. Aldridge, 90 Fla. 51, 55, 105 So. 145, 146, we said:
“On consideration of the whole record, I think the proof of adverse . possession is too loose, indefinite, and uncertain to displace the owner of the legal title, who has been paying taxes, sidewalk and street assessments, and exercising such other evidences of ownership as are herein enumerated.”
Again in Berry v. Perdido Realty Co., 84 Fla. 134, 144, 93 So. 171, 174, we said:
“When the proof is not positive and clear of adverse possession and occupation of land for the full statutory period, no title by adverse possession can be adjudged. Adverse possession has reference to physical facts that may be proven with certainty and definiteness.”
We are forced to the conclusion that the evidence before the lower court did not measure up to the standards which we have repeatedly held is necessary to establish adverse possession. The language used in the opinion of the lower court, viz.: “ * * * and there is some evidence here that, apparently the preponderance seems to be, they turpentined it for approximately eight years,” (Emphasis added) clearly indicates that he did not conclude that such evidence was clear and positive. We are not able to glean from the record what particular statute the learned Chancellor had in mind in the opinion, but having concluded that the evidence was so inconclusive that the decree must be vacated, it is unnecessary to delve into that proposition.
Reversed with directions to enter a decree in accordance with these views.
Reversed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.