CARROLL, DONALD K., Judge.
The plaintiff in an action to cancel a special warranty deed has appealed from an order entered by the Circuit Court for Duval County denying her motion for a *750 new trial and to set aside the adverse final judgment theretofore entered by the said court.
The principal question presented for our determination in this appeal is whether the chancellor abused his judicial discretion in denying the said motion, which was grounded upon newly discovered evidence.
The plaintiff alleges in her complaint that on about January 27, 1902, Richard P. Moore purchased from Joseph A. Spark-man and wife two tracts of real property in Duval County, as evidenced by a certain recorded deed, and that the plaintiff, one of Moore’s heirs at law, is now the fee simple owner of the said tracts; that Moore on the said date went into actual possession of the tracts, that he and his heirs have been in actual possession and have had them continuously under fence and cultivation and have paid all taxes thereon ever since. The plaintiff further alleges that, when Moore purchased the tracts, he was told by the grantor, Spark-man, that this real property extended along a county road, State Road 13, to Deep Bottom Branch; that in 1902 or soon thereafter Moore erected a fence and enclosed a parcel of land containing 1.1 acres, more or less, as his own, which he put in cultivation as a part of his said purchase evidenced by the said deed; that ever since that time Moore and his heirs have been in continuous possession of this 1.1 acre parcel, have had it continuously under fence and cultivation, and have paid the taxes thereon. In her complaint the plaintiff finally alleges that the defendants claim title and right of possession to the said 1.1 acre parcel by virtue of their recorded special warranty deed, whereas the plaintiff claims title and right of possession to the said 1.1 acre parcel under the deed dated January 27, 1902. A copy of the special warranty deed, dated July 8, 1968, and covering the said 1.1 acre parcel, is attached as a part of the complaint. In the conclusion of the complaint the plaintiff demands judgment against the defendants cancelling the said special warranty deed and declaring it to be null and void as a cloud on the plaintiff’s title.
To the above complaint the defendants filed their answer, in which they assert that the plaintiff’s occupancy of the 1.1 acre parcel constitutes a mere unlawful trespass and that they are now seized and possessed of the fee simple title to the said parcel under the special warranty deed, clear of all right, title, and interest of the plaintiff. This deed states that the grantors thereof are the sole heirs at law of Levi Sparkman and Mary Frances Spark-man, his wife, both deceased.
Following the trial of the issues in this case without a jury, the chancellor, sitting as the trier of the facts, entered his final judgment, making the following findings of fact: that the subject land, the 1.1 acre parcel, is not included in the deed dated January 27, 1902, and the plaintiff has no claim to adverse possession under color of title; that she has not possessed and occupied the said parcel as required by Sections 95.18 and 95.19, Florida Statutes, F. S.A., and that the title conveyed to the defendants by the special warranty deed in 1968 is superior to any possessory rights claimed by the plaintiff. The chancellor then quoted as his authority the following rule recognized by the Florida Supreme Court in Culbertson v. Montanbault, 133 So.2d 772 (Fla.App.1961):
“The law is clear that, he who comes into equity to get rid of a legal title as a cloud upon his own must show clearly the validity of his own title and the invalidity of his opponent’s. Equity will not act in the event of a doubtful title. To succeed a party must do so on the strength of his own title. * * * ”
In the Culbertson case, supra, our Supreme Court also held:
" * * * To base a title on adverse possession, he must show that such adverse possession has been continued, consecutive, and unbroken for the statutory period. Gould v. Carr, 1894, 33 Fla. 523, *751 15 So. 259, 24 L.R.A. 130, and the facts establishing the adverse possession must be to a higher degree of certainty, clarity and positiveness, Squires v. Rispler, Fla.1953, 69 So.2d 177, and continuity is the very essence of the doctrine. Horton v. Smith-Richardson Inv. Co., 1921, 81 Fla. 255, 87 So. 905. While evidence of the payment of taxes is admissible as one of the circumstances tending to determine the fact and extent of possession, the payment of taxes alone is not sufficient in itself to establish adverse possession. McKinnon v. Johnson, 1910, 59 Fla. 332, 52 So. 288.”
In the case at bar, after the entry of this final judgment, the plaintiff filed a motion for a new trial and to vacate and set aside the final judgment. The main ground for this motion is that the chancellor had erred in not receiving into evidence the tax receipts and homestead exemption cards of the plaintiff from 1902 to date on the Richard P. Moore real property, as described in his deed.
After a hearing on the said motion, the chancellor entered the order appealed from herein, denying the said motion.
This motion was filed pursuant to the provisions of Rule 1.540, Florida Rules of Civil Procedure, 31 F.S.A., as we recognized in an order previously entered in this appeal. Rule 1.540, Fla.R.C.P., was originally designated as Rule 1.38, Fla.R.C.P., and was construed by the District Court of Appeal, Second District of Florida, in Odum v. Morningstar, 158 So.2d 776 (Fla.App.1963) as follows:
“The purpose of the rule was to allow ‘motion procedure’ in lieu of a bill of review as known to the classical equity practice and the rule may be more liberal than the classical bill; such motion does not affect the finality of the final decree or suspend its operation as does a timely motion for rehearing under Rule 3.16, Rules of Civil Procedure. A denial of the motion is appealable as a final decree, but such appeal will not bring up for review the final decree sought to be vacated. * * * ”
Under the just-quoted rule, the final judgment for the defendants is not before us for review. The only question before us is whether the chancellor committed reversible error in denying the plaintiff’s motion for new trial and to vacate the final judgment.
The plaintiff’s said motion was deficient in relying upon the ground of newly discovered evidence but failing to allege that such evidence was not available at the time of the trial. The requirement of the last allegation has been recognized in many Florida decisions, including Hall v. American Distributing Corp., 181 So.2d 711 (Fla.App.1966), involving a motion to set aside a final judgment pursuant to the former Rule 1.38, in which case the Third District Court of Appeal said:
“The defendant, appellee, alleged in his motion that ‘defendant’s counsel did not have available at the time of trial certain letters and/or documentary evidence to sustain the position of the defendants.’ It will be observed that this ground fails to meet the requirement for a motion pursuant to ground number 2 of the rule, which deals with newly discovered evidence. There is nothing in the motion, or in the letters and exhibit attached to it, to indicate that the exhibits were not or could not have been readily available at the time of the trial.”
The same rule was recognized by the Florida Supreme Court in Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396 (1935) saying:
“The general rule is that courts should look with disfavor upon applications for a new trial upon the ground of newly discovered evidence, because to look with favor upon such proceedings would bring about a looseness in practice and encourage counsel to neglect to gather all available evidence for a first trial by speculating upon the verdict, and then, *752 being defeated, become for the first time duly diligent in securing other evidence to cure the defects or omissions in their showing upon the first trial. * *
In addition to the above considerations, the order appealed from comes to us clothed with the presumption of correctness. We also think that the plaintiff has failed to carry her burden of demonstrating that the chancellor abused his judicial discretion in entering the said order.
For the foregoing reasons the order appealed from herein must be and it is
Affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.