PETERSON, Judge.
Steputat and Company, Inc., appeals a judgment on the pleadings quieting title to a parcel of land in favor of Theodosia S. Bidwell, plaintiff below. We vacate the judgment.
Bidwell’s complaint was concise. She de-raigned her title with a deed dated January 3, 1984, from one Vanetta Musselwhite which was recorded in the public records of Orange County; the date of recording is not stated. Bidwell alleged that she entered into possession under the deed and for over seven years had been in continued possession of the real property by the protection of a substantial enclosure, to-wit: a hedge[1] of one type or another, common along the residential property lines, and had stored personal property, including two automobiles, on the subject real property. She alleged that she had been in actual continued occupation of the real property for over seven years, had made a timely return of the real property by proper legal description, and had paid all taxes and installments due under any special improvement liens. While the complaint contains no citation to a specific statutory authority, the final judgment indicates that the trial court based its decision upon section 95.16, Florida Statutes (1991), the statute setting forth the requirements for establishing adverse possession under color of title.
Steputat’s answer basically denied the material portions of the complaint and raised twelve affirmative defenses, including assertions that Steputat'had erected a fence on a portion of the property; that Musselwhite’s deed was merely a quit claim deed; that a substantial hedge on the northern boundary of the disputed property actually demarcated the southern boundary of Bidwell’s property and the northern boundary of Steputat’s property; that Steputat had made or attempted to make efforts to possess portions of the subject property contrary to Bidwell’s claim of possession; and that the personal property and automobiles alleged to have been stored on the property by Bidwell had been there for only approximately one year and city authorities had frequently requested that Bidwell remove the personalty from the subject property and had cited her for storing them.
Since only the allegations of the complaint and the answer are to be considered upon determining whether a motion for judgment on the pleadings should be granted, the issue is whether the pleadings show that Bidwell is clearly entitled to judgment based on the facts admitted. Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980). Clearly, she is not. Steputat’s answer raised issues of fact as to Bidwell’s claim of possession, and those issues precluded entry of a judgment on only the pleadings.
Under section 95.16(1), Florida Statutes (1991), at least two elements must be proved in the instant case: first, that Bidwell has color of title, and, second, that she has been in continuous possession of the property for at least seven years. The first requirement of color of title may be satisfied by quit claim deed, depending upon the circumstances under which it is given and received. Bonifay v. Dickson, 459 So.2d 1089 (Fla. 1st DCA 1984). The deed must be accepted in good faith and in the honest belief that it vests title in the claimant. Bonifay; Simpson v. Lindgren, 133 So.2d 439 (Fla. 3d DCA 1961). The second requirement is that the possessor *764 must prove that the possession was continuous, exclusive, open and notorious, and seven years in duration. Bonifay. Clearly, Steputat’s affirmative defenses brought the second requirement into dispute, and a trial is required to resolve the disparate positions of the parties.
Bidwell argues that the judgment should be affirmed on the authority of Sanders v. Alford Brothers Company, 92 Fla. 718, 111 So. 278 (1926). She asserts that Sanders establishes the rule that, where two parties both claim adverse possession, the one that has title should always be given possession by the court. We find such a rule inapplicable in the instant case. In Sanders, the appellant sought to obtain the property through adverse possession and claimed she had color of title. The evidence was conclusive that the appellant’s predecessor in title was a squatter and had no title to the land when he conveyed title to her. The appellee on the other hand presented evidence showing an unbroken chain of title originating with the patent from the United States of America, and when the court found that arguably both adversely possessed the property, the party with actual title prevailed rather than the party with only color of title. In the instant case, neither of the parties has alleged who may be the true owner of the title to the disputed lands, that is, the last grantee in the unbroken chain of title from the earliest conveyance from the United States. Bidwell’s claim under color of title merely invokes the provisions of the applicable statutory prescription for acquiring title by adverse possession, in this case, section 95.16, Florida Statutes.
Bidwell further argues that “[t]wo persons cannot hold [possession of] one tract of land adversely to each other at the same time” and that, since she has record title, she should prevail. We agree with the argument but not the conclusion. We concur with the Sanders decision that, when two persons attempt to obtain possession adverse to each other, neither can obtain title in that manner. Thus, we perceive that the Sanders court gave possession to the “true owner,” or the last in the chain of conveyances from the United States; that the true owner had never been ousted by the challenger because the challenger could not show both color of title and continuous, exclusive, open, and notorious possession for at least seven years. In the instant case, no proof has been offered or allegations made as to the “true owner” of the title to the property; therefore, neither of the adverse possessors in the instant case can prevail under the Sanders rule.
Bidwell argues finally that she is entitled to the presumption of possession under section 95.13, Florida Statutes (1991), because she had established legal title by virtue of the quit claim deed conveyed to her by Musselwhite seven years prior to the commencement of the action. While the term “legal title” is not defined under that statute, we construe it to mean the “true owner” of the property as described above. Earlier decisions seem to use that term as a substitute for the term “legal owner.” See, e.g., Downing v. Bird, 100 So.2d 57 (Fla.1958); Van Meter v. Kelsey, 91 So.2d 327 (Fla.1956); Atlantic Coast Line R.R. Co. v. Seward, 112 Fla. 326, 150 So. 257 (1933); Douglass v. Aldridge, 90 Fla. 51, 105 So. 145 (1925). A grantee cannot gain the advantage of the presumption simply by alleging that the deed under which color of title is claimed has been of record for seven years.
The judgment is vacated, and we remand for further proceedings.
Judgment VACATED; REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.

. There was no allegation as to the name or identity of the person who planted the hedge.