E. E. McFERRIN, Appellee, v. GEORGE WILTSE et al., Appellants.

No. 39733.

JUNE 23, 1930.

*C. W. Kellogg*, for appellants.

*R. J. Organ*, for appellee.

STEVENS, J.—The respective parties to this appeal each assert title to some portion of the land in controversy, which is fully described in the pleadings. There is a dispute as to  whether it is located in Washington County, Nebraska, or Harrison County, Iowa. All of the land in controversy is described as being located in Township 78; Range 46.

Appellants rely upon two propositions for reversal: (1) that the disputed land is all located in Washington County, Nebraska, and that, therefore, the district court of Harrison County did not have jurisdiction of the subject-matter; and (2) that appellee wholly failed to prove his alleged title to any portion of the land claimed by appellants. We shall, for the purpose of this case only, and without so holding, assume that the land, which is on the east side of the Missouri River, is in Harrison County.

The second proposition of appellants may not, however, be thus summarily disposed of. All of the land in controversy and in the immediate vicinity is Missouri River bottom land, situated near the river, and formerly a part of the river bed. At least, the record so indicates. Originally, the land in question was unoccupied Missouri bottom land, largely covered with willows and other timber usually to be found along the river.

It appears that, in August, 1918, appellee caused a survey of all of the lands which he claimed to own in the vicinity, including the land in question, which he claims as accretions, to be made, and a plat thereof to be filed in the office of the county auditor of Harrison County. The plat includes large tracts of land north of that in controversy. Prior to 1918, and for two or three years, appellee paid taxes in Washington County, Nebraska, on the land in controversy. Since the making of the survey and the recording of the plat, he has paid taxes thereon in Harrison County.

Appellee claims title to the land as accretions to Lot 1 of Section 1 described in his petition, and also asserts title thereto

by adverse possession, under color of title and claim of right. In order for him to claim title to the land as accretions, the burden was on him to show that the land was formed slowly, gradually, and imperceptibly to the shore line, as the water in the river receded. *Coulthard v. Stevens,* 84 Iowa 241; *Noyes v. Collins,* 92 Iowa 566; *Holman v. Hodges,* 112 Iowa 714; *East Omaha Land Co. v. Hanson,* 117 Iowa 96; *Payne v. Hall,* 192 Iowa 780.

The most that the evidence shows in this case is that sand bars formed in the bed of the stream beyond high-water mark, which became visible as the water of the river receded. We find nothing in the record from which the conclusion may be drawn that Lot 1 of Section 1 was formed by accretion to the shore line of appellee's tract, nor does the record disclose the manner in which the land in dispute was formed. In other words, the evidence does not disclose whether the tract was formed by slow, gradual, and imperceptible additions to Lot 1 or whether it began as sand bars, attached only to the river bed. There is a complete absence of evidence at this point, showing that Lot 1 of Section 1, or the land in controversy, became so attached to land owned by him, in the form of accretions. Appellee does not claim color of title by grant of any kind. We assume that color of title is claimed on the theory that the land in dispute was formed as accretions commencing at his shore line, and that his title to such shore line is sufficient to constitute color of title thereto. If the land was in fact formed as accretions to his shore line, he became the owner thereof, and distinct color of title thereto is not necessary. If he failed, however, to prove title to the land as accretions, the decree below can be sustained only if appellee was in continuous adverse possession thereof for more than ten years under claim of right, as asserted by him.

It appears from the evidence that the Missouri River at one time flowed to the north, and across Lots 11 and 12, owned by appellee, and not involved in this action, and that it has now

changed its course to the west, and that it has receded a considerable distance from its former course. After the river receded to the west, or away from the land in controversy, there was left a lake or slough, known and referred to in the evidence as Boyd Lake. The water from this lake has since so far disappeared that the bed at some seasons of the year becomes dry. The land has not been fenced, and the boundaries of the area claimed by appellee are fixed or described only on the plat made for him and filed in the office of the county recorder. To constitute claim of right or title, something more than the mere assertion of ownership, coupled with actual occupancy, must be shown. The claimant must in good faith believe that he has some claim of right, title, or interest in or to the premises. Something must exist upon which he may in good faith base such claim. If the claimant knows he is without title, he is without a valid claim of right. *Goulding v. Shonquist,* 159 Iowa 647; *Ratigan v. Ratigan,* 181 Iowa 860; *Litchfield v. Sewell,* 97 Iowa 247.

As stated, the tract is not fenced. It does appear, however, that, many years ago, someone, for some uncertain purpose, erected a fence in a northeasterly and southwesterly direction from the center of the Boyd slough. Appellee testified that he has, since he took possession of the land, claimed title up to this fence. The original fence appears, however, to have become almost completely submerged, and appellee has erected a new fence, a short distance west thereof. At one time, appellee planted a small portion of the land in alfalfa. Further than this, so far as the record shows, no crops have been grown thereon. There is evidence tending to show that appellee orally at one time leased a portion of the land from another claimant, and that upon another occasion he acquired possession of a 60-acre tract, which he claims is not involved herein, by the payment of $20 to the party in possession. As late as January 8, 1913, appellee sought to purchase all of the land claimed by him of the Caleys, who had record title thereto in Washington County, Nebraska, and from whom appellants obtained their deed. A contract in writing, by which appellee at one time promised to pay $2,100 for the tract, was offered in evidence. It was, however, signed only by appellee, and never went into

effect. Appellee explained this transaction by saying that he desired to obtain title only to the 60-acre tract referred to, which he did not then claim to own. The contract here referred to described the land as located in Washington County, Nebraska.

Appellee was a witness upon a case entitled Coulthard v. McFerrin, tried in the district court of Harrison County in 1920. His attention was then called to the plat referred to above, and to the location of the lands in controversy, as shown thereon. As stated, all of this land is south of the line between Townships 78 and 79. Appellee then testified that there was not at that time, and never had been, a fence west of the Caley land, which is the land in controversy. He further admitted in his testimony upon the trial of the case referred to, that he had leased the land in dispute, or some part thereof, from different parties up to six or seven years prior thereto. He also testified that the inclusion of the disputed land in the plat referred to was a mistake, and that he claimed ownership of no land south of the township line.

The occupancy of the land by appellee is not, therefore, shown to have been open, continuous, and adverse for a period of ten years, under color of title or claim of right. The pos-session, so far as shown, was not of a character to justify a holding that he acquired title thereto by adverse possession. The fence located in the Boyd slough is shown never to have been intended to make a division line, and, when the record is considered as a whole, the showing in favor of the claims asserted by appellee is not persuasive. No basis for his asserted claim of right is shown. Independent of any title based on the theory of accretions, appellee knew he possessed neither title nor right to the land. It is elementary that he can only recover in this case upon the strength of his own title. The weakness of the claims of his adversaries cannot aid him.

For the reasons stated, the judgment and decree of the court cannot be sustained.—*Reversed.*

MORLING, C. J., and FAVILLE, DE GRAFF, ALBERT, and WAGNER, JJ., concur.