PEARSON, TILLMAN, Chief Judge.
Richard Simpson and William Sydow, Jr., were the record title holders of certain real property in Dade County, Florida in March of 1951. On March 12, 1951, Carl Lindgren and Frankie Lindgren, his wife, took a deed to the property from Early Reed Ware and his then wife who had no record interest. This deed was recorded December 2, 1952. Thereafter on March-25, 1960, the Lindgrens filed their amended complaint in which they claimed title by adverse possession and sought a decree quieting title to the real property. Simpson and Sydow, Jr., with their respective wives, were made parties defendant. In their answer these defendants denied the ownership of the Lindgrens and by counterclaim prayed that the instrument purporting to be a deed from Early Reed Ware and wife to the Lindgrens be can-celled as a cloud upon defendants’ title.
After a trial of the issues made by the amended complaint, answer, counterclaim and reply thereto, the chancellor found for the Lindgrens and entered a final decree-in which he declared that they were the owners of the property and that the defendants had no claim therein. From this decree the defendants Simpson and Sydow have appealed. We reverse upon the ground that adverse possession was not shown.
The controlling questions are: (1) whether or not the deed from the Wares to the Lindgrens constituted color of title and (2) whether the possession of the Lindgrens was sufficient to establish title.
Ware, who was a Negro of advanced years, was a witness for the plaintiffs. The substance of his testimony is that he lived near the property in question and farmed the land by “potholing” for many years-prior to 1951 (when he gave the deed) and for many years subsequent to 1951. Upon direct examination he testified that he had not given a deed to Mr. and Mrs. Lindgren, but that he had understood that he was signing over to them his interest in certain tax receipts, which he received by paying taxes on his own property and the property in question during the years 1941 to 1952. He paid taxes on the land in question because the tax bill applied to both his land and the property in question. He testified *441 that it was his understanding that the Lind-■grens proposed to obtain a return of his money paid as taxes if he signed over to them the tax receipts which he had paid. 'When confronted with the deed he had made, Ware acknowledged his signature as genuine, but could not explain the giving ■of the deed.
Mr. and Mrs. Lindgren testified that they took the deed from Ware, believing that •anyone who had lived for a number of years on land and paid taxes on it had some interest in the property. After the taking and recording of the Ware deed, the Lind-grens cleared four of the approximately ten acres included and gave Ware permis•sion to continue to farm the property.
The amended complaint claims, ■and the final decree awards title to the Lindgrens upon the basis of Section 95.16, .Fla.Stat., F.S.A., which is as follows:
“Real actions; adverse possession under color of title; requirements. Whenever it appears that the occupant, or those under whom he claims, entered-into possession of premises under ■claim of title exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question, or up•on the decree or judgment of a competent court, and that there has been a •continued occupation and possession of 'the premises included in such instrument, decree, or judgment for seven years, the premises so included shall be •deemed to have been held adversely, ■except that, where the premises so •included consist of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract; provided, that adverse possession commencing after December 31, 1945, shall not be deemed to be adverse possession under color ■of title unless and until the instrument of conveyance of the premises in question upon which such claim of title is founded shall be duly recorded in the office of the clerk of the circuit court of the county in which the premises are situated.”
From the foregoing facts it appears that the deed from the Wares to the Lindgrens did not constitute color of title essential for adverse possession under Section 95.16, supra. This is true because the Lindgrens were aware that their grantors, the Wares, had no title to the property. Early Reed Ware was the plaintiffs’ witness and they are bound by his evidence that he neither had nor claimed any interest in the property in question at the time he gave the document upon which color of title is claimed. Although there is authority to the contrary, we subscribe to the rule that the doctrine of color of title is available only in cases where the instrument purporting to be a conveyance is accepted in good faith and in the honest belief that it vests the title in the claimant. Philbin v. Carr, 75 Ind.App. 560, 129 N.E. 19, 706; McFerrin v. Wiltse, 210 Iowa 627, 231 N.W. 438. Cf. Commercial Bldg. Co. v. Parslow, 93 Fla. 143, 112 So. 378, 383; Jones v. Hiller, 65 Fla. 532, 62 So. 583, 585. We do not believe that adverse possession under claim of color of title should be established where the title is accepted with knowledge of its invalidity. Apodaca v. Hernandez, 61 N.M. 449, 302 P.2d 177. Of course in a case where the claimant is mistaken as to the strict legal effect of the conveyance upon which he bases his claim or right, there is no question that such conveyance would constitute color of title sufficient to satisfy that requirement of the statute.
Inasmuch as the decree must be reversed for the failure of the plaintiffs to establish their claim of adverse possession under color of title, we find it unnecessary to determine whether they satisfied the requirement of “a continued occupation and possession of the premises * * * for seven years.”
Accordingly the decree is re-versed with directions to enter a decree upon the coun *442 terclaim cancelling the deed from the Wares to the Lindgrens to the extent that it constitutes a cloud on the record title of the appellants.
Reversed and remanded.